IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-598-BO-RJ

| | | |
|---|---|---|
| ELLIOTT WESS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| KIDDE TECHNOLOGIES, INC., | ) | |
| a Collins Aerospace Company | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE 36]. Plaintiff has responded [DE 44], defendant has replied [DE 47], and the motion is ripe for disposition. For the following reasons, defendant's Motion for Summary Judgment is GRANTED.

I.  BACKGROUND

Plaintiff filed a verified charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2023, and a verified amended charge of discrimination on June 15, 2023 [DE 1-1, DE 1-2]. In his charge, plaintiff alleged wrongful termination and retaliation based on race/color [DE 1-1] at 1. The EEOC issued a notice of a right to sue [DE 1-3].

Plaintiff filed an unverified complaint alleging claims arising under Title VII of the Civil Rights Act of 1964 for race/color discrimination via wrongful termination and retaliation in this Court on October 24, 2024.[1] [DE 1] at 4 & 7.

---

[1] Although plaintiff signed his complaint, he did not verify it. "A complaint is 'verified' if it is 'signed, sworn, and submitted under penalty of perjury.' [See] *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020); *see also, e.g., Schroeder*

On April 15, 2025, defendant filed an Answer [DE 29]. The case proceeded through discovery [DE 34]. On August 25, 2025, Chief Judge Richard E. Myers II reassigned this case to the undersigned [DE 35].

On December 17, 2025, defendant filed a Motion for Summary Judgment [DE 36], supported by a Memorandum [DE 37], a Statement of Material Facts pursuant to Local Civil Rule 56.1 [DE 38], and an Appendix to the Statement of Facts that included additional exhibits of deposition testimony and declarations [DE 39].

On January 26, 2026, plaintiff timely filed a Response to defendant's Statement of Material Facts. [DE 44]. The Response included an affidavit only as to two of defendant's stated material facts—facts 32 and 33. [DE 44] at 21–22. Plaintiff did not file a substantive response to defendant's Memorandum of law in support of defendant's Motion for Summary Judgment. On February 20, 2026, defendant filed a Reply [DE 47].

## II. DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict

---

v. *McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (explaining that a complaint is verified if it states 'under penalty of perjury that [its] contents [are] true and correct')." *Goodman v. Diggs*, 986 F.3d 493, 495 n. 2 (4th Cir. 2021).

for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

"As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (noting further that a verified complaint can be used as an affidavit opposing the motion for summary judgment as to allegations "based on personal knowledge."). Moreover, in this district, Local Civil Rule 56.1 requires that any motion for summary judgment must be supported by a separate statement of facts which the movant contends are undisputed. Local Civil Rule 56.1(a)(1). The rule further requires that "[t]he memorandum opposing a motion for summary judgment shall be supported by a separate statement that includes a response to each numbered paragraph in the movant's statement" of material facts and that "[e]ach numbered paragraph in the movant's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civil Rule 56.1(a)(2).

Upon review of plaintiff's verified charge, defendant's Statement of Material Facts, and plaintiff's Response to the Statement of Material Facts, the following facts are undisputed.

Plaintiff is a black male. [DE 44] at 2–3. He started work for defendant in October of 2021. Id. at 1. In or around January 24, 2023, a coworker aggressively confronted plaintiff at work. Id. at 3–4. Plaintiff alerted his supervisor regarding the incident. Id. at 4. Management placed that coworker on administrative leave while an investigation regarding the incident took place. Id. at 8–9. Following the incident, the coworker contacted plaintiff outside the workplace through text

messages and phone calls that plaintiff perceived as threatening. Id. at 5. Plaintiff testified the coworker also sent a picture of a black man running and stated, "where you going now." [DE 44] at 7. Plaintiff reported these communications to a supervisor, alleging they constituted racial harassment. Id. at 7–8. Defendant instructed the coworker to stop contacting plaintiff. Id. at 9. The coworker resigned before the implementation of any disciplinary action. Id. at 17.

Shortly after plaintiff's reports to his supervisor, at least two employees alleged plaintiff had violated the company's safety protocol. Id. at 11–12 & 26. Defendant conducted an investigation into the alleged violation. Id. at 10–13. The appointed investigator was not aware that plaintiff had submitted reports of racial discrimination by the coworker. [DE 44] at 20. The investigator eventually reported that plaintiff had violated safety protocol. Id. at 14. On or about March 1, 2023, defendant terminated plaintiff and two other white employees for the stated reason of safety violations. Id. at 16. Plaintiff has alleged that reason—as to him—was pretextual. [DE 1] at 6.

A. Plaintiff's Retaliation Claim

To establish a prima facie case of retaliation, Plaintiff must show that (1) he engaged in a protected activity, (2) his employer took adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse employment action. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). In the retaliation context, an adverse employment action is one that "adversely effect[s] a term, condition, or benefit of . . . employment." *Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir. 2001).

It is undisputed that plaintiff engaged in protected activity by reporting racial harassment from a fellow employee. It is also undisputed that plaintiff's employer took adverse employment action against plaintiff in the form of terminating his employment.

4

As to the third element, causation, plaintiff initially alleged a causal inference between his report and his termination based on temporal proximity. *See Cole v. Family Dollar Stores of Md., Inc.*, 811 Fed. Appx. 168, 174 (4th Cir. 2020) ("Close temporal proximity can demonstrate causation[.]"). However, defendant has articulated a legitimate, non-retaliatory reason for plaintiff's discharge. *White v. Caterpillar Logistics, Inc.*, 67 F. Supp. 3d 713, 724 (E.D.N.C. Dec. 2014). Specifically, defendant denies plaintiff's termination was retaliatory—instead citing a safety violation as the true reason for plaintiff's termination. [DE 29] at 3 & 5; [DE 38] at 3–4. Plaintiff does not dispute that defendant cited a safety violation as the reason for termination. [DE 44] at 14, 19 & 26. He merely disagrees that he violated safety protocol or that the safety investigation was fair, [DE 44] at 21 & 26, which are not legally sufficient arguments to show that the reason given for his termination was pretextual.

Because plaintiff has not carried his burden of "adduc[ing] sufficient evidence that . . . would allow the finding that [defendant's] purported reason for his . . . termination was a pretext, and that retaliation was in fact the 'but for' causation of his termination[,]" defendant is entitled to summary judgment for this claim. *White*, 67 F. Supp. 3d at 725; *see also Cole*, 811 Fed. Appx. at 174.

B. Plaintiff's Discrimination Claim

To establish a *prima facie* case of racial discrimination under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) that he performed his job satisfactorily; (3) he was subjected to an adverse employment action; (4) similarly situated employees outside his protected class received more favorable treatment. *See Thompson v. Potomac Electric Power Co.*, 312 F.3d 645, 649–50 (4th Cir. 2002). The ultimate burden remains on the employee of

5

"persuading the court that [he] has been the victim of intentional discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff has admitted that he "does not have evidence of anyone similarly situated to himself, outside his protected class, whom [defendant] treated more favorably." [DE 44] at 24–25. In fact, it is undisputed that two white employees were also terminated for purported safety violations. [DE 44] at 16 & 25. Therefore, plaintiff has failed to show a genuine issue of material fact or establish a prima facie case of racial discrimination. Defendant is entitled to summary judgment on plaintiff's claim.

### III. CONCLUSION

Accordingly, based on the admitted facts, and having considered the facts in the light most favorable to plaintiff, for the foregoing reasons, defendant's motion for summary judgment [DE 36] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of defendant and close this case.

SO ORDERED, this 22 day of May, 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6